911 F.2d 725
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Jerry Harold HARVEY, Jr., a/k/a Andy Harvey, Defendant-Appellant.
 No. 89-5818.
 United States Court of Appeals, Fourth Circuit.
 Submitted July 12, 1990.
Decided Aug. 17, 1990.
 
 Appeal from the United States District Court for the Southern District of West Virginia, at Beckley. Elizabeth V. Hallanan, District Judge. (CR-89-182; CR-89-137)
 Gregory Jonathan Campbell, Michael Turklay, Charleston, W.V., for appellant.
 Michael W. Carey, United States Attorney, John P. Rowley, III, Assistant United States Attorney, Charleston, W.V., for appellee.
 S.D.W.Va.
 AFFIRMED.
 Before ERVIN, Chief Judge, and MURNAGHAN and SPROUSE, Circuit Judges.
 PER CURIAM:
 
 
 1
 The defendant, Jerry Harold Harvey, Jr., pleaded guilty to a count charging distribution of Tylox, a Schedule II controlled substance, in violation of 21 U.S.C. Sec. 841(a)(1). At the same time he pleaded guilty to an information charging him with possession of or receiving stolen property affecting interstate commerce, a violation of 18 U.S.C. Sec. 2315. In return, three counts related to conspiracy to distribute and distribution of Tylox were dismissed.
 
 
 2
 On appeal, the case revolves around the contention that there should not have been, in the course of application of the Sentencing Guidelines, augmentation of Harvey's base offense level by two points because more than minimal planning was involved and by four points because Harvey was an organizer or leader of a criminal activity involving five or more participants. Harvey contends that the testimony upon which the district court based the sentence enhancement lacked sufficient indicia of reliability. That testimony consisted mostly of the out-of-court statements of Harvey's partners in crime, as relayed by a government agent.
 
 
 3
 It is well settled that a district court's factual conclusions are reviewed on a clearly erroneous basis. United States v. Daughtry, 874 F.2d 213, 217 (4th Cir.1989). Here, there was testimony that approximately $1,000,000 was stolen from mining companies by a group of at least five individuals in repeated acts who received from Harvey organizational encouragement and instruction or advice as to how the taking and asportation should be accomplished. In addition, there was testimony that Tylox was, on occasion, distributed by Harvey in lieu of cash to those responsible for stealing the property. That some of the proof emanated from the declarations of criminals, one of whom had been immunized, merely focuses on credibility which lies within the province of the trier of fact, in this case the district judge. Harvey had the opportunity to rebut the government agent's hearsay testimony and otherwise to persuade the district court of the unreliability of the damaging evidence. That his attempts to do so were unsuccessful does not invalidate the factual conclusions that the district judge reached.
 
 
 4
 Upon a careful review of the briefs and record, we are satisfied that the attacks made by Harvey on the court's determinations at most raise arguable points but do not amount to a basis for finding that the judge's conclusions were clearly erroneous. Since the review of the briefs and record is adequate to allow us fully to consider the matter, without requiring oral argument, we proceed to a determination that the judgment of the district court is
 
 
 5
 AFFIRMED.